FILED IN CHAMBERS
THOMAS W. THRASH JR.
U.S.D.C. Atlanta

JAN 13 2006

LUTHER D. THOMAS, Clerk
By: [signature]
Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| OBIEKWE STEPHEN UGOCHUKWU,<br>    Plaintiff,<br><br>v.<br><br>VERONICA ODITA, RN,<br>ROBINSON MADUKA OBIEKWE,<br>    Defendants. | PRISONER DIVERSITY ACTION<br>28 U.S.C. § 1332<br><br>CIVIL ACTION NO.<br>1:05-CV-3088-TWT |

## ORDER AND OPINION

Plaintiff, Obiekwe Stephen Ugochukwu, an inmate at an Illinois detention facility, seeks leave to file this civil action without prepayment of the $250.00 filing fee, other fees, or security therefor, pursuant to 28 U.S.C. § 1915. (Doc. Nos. 1, 2.) For the purpose of dismissal, Plaintiff is **GRANTED** in forma pauperis status, and the matter is now before the Court for a 28 U.S.C. § 1915A frivolity screening.

## I.   28 U.S.C. § 1915A Standard

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action: (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) & (2). A claim is frivolous when it appears from the face of the

AO 72A
(Rev.8/82)

complaint that the plaintiff "has little or no chance of success," i.e., the factual allegations are "clearly baseless," the legal theories are "indisputably meritless," or immunity bars relief. Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). A litigant fails to state a claim when "no construction of the factual allegations will support the cause of action." Marshall County Bd. of Educ. v. Marshall County Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

## II. Discussion

Plaintiff brings this diversity complaint for conversion against Veronica N. Odita, an R.N. with Norcross Dialysis, and Robinson M. Obiekwe, an employee with the United States Department of Agriculture. (Doc. No. 1.) Plaintiff states that he provided two checks, totaling $13,200[1] ($9,000 and $4,200), to the defendants to use the funds to retain defense counsel H. Glenn Fogle for Plaintiff. (Id. at 6, 7-1.) Plaintiff contends that on March 23 and 24, 1999, defendants cashed the checks and converted the funds to their own personal use. (Id.) Plaintiff claims that he not only lost the money, but he received a "poor defense" as a result. (Id. at 7-2, 7-3.) Plaintiff

---

[1] Although Plaintiff states the total as $14,200, copies of the two checks indicate the total as $13,200. (Id., Ex. A.)

2

seeks $17,744 (the amount allegedly converted plus interest), along with an additional $4,000,000, in compensatory damages. (Id. at 7-3.)

Section 1332 of Title 28 provides that federal "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." When it is "apparent to a legal certainty that [the claimed damages that are necessary to meet the amount in controversy] cannot be recovered," the district court lacks diversity jurisdiction. See Adolph Coors Co. v. Movement Against Racism and Klan, 777 F.2d 1538, 1544 (11th Cir. 1985).

Here, even if Plaintiff is entitled to compensation in the amount of $17,744, the Court finds that it is apparent to a legal certainty that Plaintiff is not entitled to an additional $4,000,000 in compensatory damages. The only basis Plaintiff provides as a justification for the additional compensatory damages is that he received a poor legal defense. Court records indicate that (1) from August 12, 1999, through May 2, 2000, Fogle represented Plaintiff during federal criminal proceedings in this Court in which Plaintiff decided to enter a guilty plea to insurance crimes and illegal reentry of an alien, and (2) beginning on May 15, 2000, other counsel represented Plaintiff on appeal. See United States v. Ugochukwu, No. 1:99-CR-0443-JOF (July 23, 2003).

3

AO 72A
(Rev.8/82)

Plaintiff does not define or specify what compensable harm he suffered as a result of the "poor defense" he allegedly received. Further, even if Plaintiff alleged that, but for a poor legal defense, he would not have pleaded guilty or would have received a lesser sentence, he is not entitled to damages for such claim. See Heck v. Humphrey, 512 U.S. 477, 486-487 (1994) (holding that the common law of torts bars damage claims for an allegedly erroneous imprisonment unless the underlying conviction has been reversed on direct appeal, expunged by executive order, declared invalid, or otherwise called into question). The remaining alleged $17,744 in damages does not meet the required $75,000 amount in controversy. Accordingly, because Plaintiff has failed to properly allege the amount in controversy required for a diversity action, this Court lacks jurisdiction under 28 U.S.C. § 1332.

The Court further finds that even if Plaintiff intended to bring a cause of action over which this Court would have federal question jurisdiction--a 42 U.S.C. § 1983 civil rights action against Odita (presuming without deciding that Odita may be a state official), a Bivens[2] civil rights action against Obiekwe, or an action under the Federal Tort Claims Act ("FTCA") against Obiekwe--those claims would be subject to

---

[2] Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971) (allowing federal cause of action for the violation of civil rights by federal officers).

dismissal. Because the complained of matters occurred in 1999, a civil rights action filed in 2005 under § 1983 or <u>Bivens</u> is barred by the applicable two-year statute of limitations. See  <u>Lovett v. Ray</u>, 327 F.3d 1181 (11th Cir. 2003) (applying Georgia's two-year statute of limitations for personal injury to § 1983 action); <u>Hawthorne v. Wells</u>, 761 F.2d 1514, 1515 (11th Cir. 1985) (applying same to <u>Bivens</u> action). Further, because Plaintiff fails to allege any attempt to pursue relief in the relevant federal agency, Plaintiff is not allowed to proceed under the FTCA in this Court. See 28 U.S.C. § 2675(a); <u>Burchfield v. United States</u>, 168 F.3d 1252, 1254-55 (11th Cir. 1999).

### III.  Conclusion

For the reasons stated above,

**IT IS ORDERED** that the instant action is **DISMISSED** under 42 U.S.C. § 1915A.

**IT IS SO ORDERED**, this  13  day of  January , 2006.

_____
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)